VELÁZQUEZ, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Suspending the Entry of a Lis Pendens Notice.

No. 407.—Decided March 27, 1919.

RECORD OF TITLE—LIS PENDENS NOTICE—MARGINAL NOTE.—Section 91 of the Code of Civil Procedure and articles 42 and 43 of the Mortgage Law are not in conflict with each other and when the interested party acts under the code it is sufficient to solicit the entry by means of an authentic document containing the requisites enumerated in said section 91, and the practice of making the entry by means of a marginal note may be continued. It is not necessary to make the entry in that part of the book in which the record should be made if the right noted should become a recorded right.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The clerk of the District Court of Guayama notified the registrar of property of the district, under section 91 of the Code of Civil Procedure, that an action had been filed in his office by Amelia Velázquez, in representation of her minor son Miguel, against J. E. de Choudens and others for the completion of an inheritance, for an accounting and for the delivery of rents and profits. The said notice contained a copy of the prayer of the complaint and descriptions of the three properties involved and to be affected by the judgment.

The registrar suspended record of the complaint for the reasons that the notice was not accompanied by an order of the district court for such record and by a copy of the complaint in order that he might be informed not only as to the right sued for in the action and include in the record the details required by article 9 of the Mortgage Law as provided for in article 72 thereof, but also that he might know exactly the amount of the fees to be charged and cancel the corresponding internal revenue stamps in accord-

ance with the rates fixed in subdivision 5 of the tariff contained in section 22 of the Act of March 10, 1904, page 154, as amended by Act No. 32 of November 30, 1917, page 308, volume 2, and not in accordance with subdivision 4 of the said tariff, under which the interested party has deposited an insufficient amount, inasmuch as the cautionary notice asked for must be entered in that part of the book in which the record should be made if the right noted should become a recorded right, and not by a marginal note.

From this decision the said Amelia Velázquez took the present appeal.

Let us examine the first question. Section 91 of the Code of Civil Procedure provides that in an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby.

The registrar maintains that this statute should be construed in harmony with articles 42 and 43 of the Mortgage Law providing that the entry of a cautionary notice of his rights may be requested by one who brings an action to recover the ownership of real property or the constitution, declaration, modification or extinction of any real right, but that the entry can not be made except under an order of the court and by virtue of a document sufficient therefor in the discretion of the court. Consequently he contends that at present a complaint can be recorded in the registry only by virtue of an order of court, for otherwise section 91 of the

Code of Civil Procedure would be construed as repealing provisions of the Mortgage Law, which would be contrary to the law and to the jurisprudence of the Supreme Court.

We can not agree with the registrar. Both the procedure of the Mortgage Law and that of the Code of Civil Procedure may subsist independently, and in this case the interested party elected the latter, following the indications of this court in the opinion delivered in the case of *Mollfulleda* v. *The Registrar*, 17 P. R. R. 30. When the record is asked for in accordance with section 91 of the Code of Civil Procedure an order of court is unnecessary. It is sufficient that the interested party ask for it.

As to the second ground of the decision, we agree that the registrar may exact that the interested party show by means of an authentic document that the case is within the statute, but this does not make it absolutely necessary to present a literal copy of the complaint. The statute itself prescribes what the notice must contain, and it was substantially complied with in this case. In our judgment the notice presented furnished the registrar with the necessary data.

In his brief the registrar explains his theory that instead of making the entry by means of a marginal note it must be made by an entry in that part of the book in which the record should be made if the right noted should become a recorded right, the fees then to be rated according to subdivision 5 of the tariff instead of subdivision 4.

It is not surprising that we can find no provision in the Mortgage Law pointing out the method of recording the notice, for the Mortgage Law went into effect many years before the Code of Civil Procedure was adopted, but the registrar himself admits that the practice has been to enter the notices by means of marginal notes, and, indeed, that method seems to us to be more in harmony with the purpose of the law, which is to give notice of the fact to persons who desire to

purchase the properties affected or to acquire liens thereon, than the method proposed by the registrar.

For all of the foregoing we are of the opinion that the decision must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.